JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETROS PETROSYAN, | Case No. CV 15-0345 FMO (FFMx) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION** |
| COSTCO WHOLESALE CORPORATION, et al., | |
| Defendants. | |

On December 4, 2014, plaintiff Petros Petrosyan ("plaintiff"), filed a form complaint in Los Angeles County Superior Court ("state court") against defendants Costco Wholesale Corporation, Tricam Industries, Inc., and Does 1 through 20 (collectively, "defendants"). (See Notice of Removal ("NOR"), Exhibit ("Exh.") A ("Complaint") at 1). The Complaint was served on defendants on December 14, 2014,[1] (see NOR at ¶ 8), and asserts state law claims for: (1) general negligence; and (2) products liability. (See Complaint at 3).

On January 16, 2015, defendants removed the action to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (See NOR at ¶ 9).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114

---

[1] The NOR states that the Complaint was served on "defendant" rather than "defendants." (See NOR at ¶ 8).

S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006). Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have diversity jurisdiction over the instant matter.[2]  In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.  Therefore, removal was improper.  See 28 U.S.C. § 1441(a)[3]; Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted).  Here, there is no basis for diversity jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000.  See 28 U.S.C. § 1332.[4]

As an initial matter, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint simply indicates that it is an action that "exceeds $25,000[.]"  (See

---

[2] Defendants seek only to invoke the court's diversity jurisdiction.  (See, generally, NOR).

[3] Title 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[4] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]"  28 U.S.C. §§ 1332(a)(1)-(2).

Complaint at 1). Also, defendants devote only a single paragraph to the amount in controversy requirement, (see NOR at ¶ 6), and suggest that the jurisdictional threshold is met because plaintiff seeks damages for "medical expenses, lost wages, continuing pain, loss of function and diminished quality of life" and has "advised" that he has "sustained brain damage." (Id.). Defendants also point out that they "requested that Plaintiff stipulate that the damages are limited to $75,000 without a response." (Id.).

Removal at this stage, i.e., on the basis of the "initial pleading," must be ascertainable from an examination of the four corners of the Complaint. See Harris v. Bankers Life and Casualty Company, 425 F.3d 689, 694 (9th Cir. 2005) (Notice of removal under the first paragraph of § 1446(b) "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. . . . If no ground for removal is evident in [the Complaint], the case is 'not removable' at that stage."). Therefore, defendants' assertion that plaintiff failed to respond to defendants' request to limit damages to $75,000 or that plaintiff's counsel indicated that plaintiff had sustained brain damage is insufficient to render the Complaint subject to removal. See id.; Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010) (first-paragraph removal requires clear and unequivocal notice from initial pleading). Even assuming the court could rely on defendants' assertions untethered to the Complaint, defendants provide no support for any of their assertions. (See, generally, NOR); see Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, nor satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [the statutory threshold].") (internal quotations omitted) (emphasis in original).

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of

4

the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court."); Valdez, 372 F.3d at 1117. Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 3rd day of February, 2015.

/s/
Fernando M. Olguin
United States District Judge